[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
A total effective sentence of twenty-one (21) years suspended after sixteen (16) was imposed on the petitioner after a jury trial. He was convicted of assault in the third degree on a victim 60 or older (Connecticut General Statutes Section 53a-61a(a), robbery in the second degree (Connecticut General Statutes Section 53a-135 (a)(1)) and robbery in the first degree (Connecticut General Statutes Section 53a-134 (a)(3)). His sentence was one year on the first count, ten (10) years suspended after five on the second count and ten (10) years on the third, all consecutive to one another.
Waterford policy responded to a call that an elderly man had been assaulted and robbed in the Stop Shop parking lot. The victim, age 73, had come out of the store with groceries and while he was unlocking his car, a co-defendant held him while the petitioner punched him several times in the face, knocking off his glasses and causing lacerations to the victim's face. His groceries were taken by the assailants together with his wallet which contained approximately $60.00 and personal papers.
The next day, the Waterford police were summoned to the Crystal Mall in response to an injured male of 63. The victim reported he was sitting in the front passenger seat of a car when the petitioner and two co-defendants opened the passenger side door and a co-defendant smashed a glass plate into the victim's face. He was then grabbed by the assailants and pulled from the car, punched and thrown to the ground where they continued to beat him, even after he surrendered his wallet with $12.00 and some personal papers in it. The victim had to be hospitalized where he was treated for five broken ribs, a cut to his left eye, facial cuts and bruises and a large bruise on his back in the area of his kidneys. When CT Page 3590 questioned about the incident the petitioner said his co-defendant hit the victim with the glass plate and pulled him from the car where the victim gave the petitioner his wallet. At the time of the sentencing the victim in the second attack said he had been receiving physical therapy for over a month. He also said he did not have any insurance although his automobile carrier had been paying his medical bills to date.
The petitioner was 19 when sentenced and was on intensive probation out of Florida for juvenile offenses when arrested in Connecticut.
Pointing out that the petitioner confessed to his participation in these offenses, his attorney claims the sentence was excessive, given his prior minimal juvenile record. He rejected a plea bargain because he was unable to accept the prospect of a long prison sentence. Petitioner's attorney describes him as a "fine young man" who is anxious to return to his native state of Florida.
The assistant state's attorney pointed out the fact that in each case, the victims were elderly and that they sustained serious injuries. The sentence, he said, was appropriate in view of the need to protect society.
The petitioner addressed the division and said he felt the sentence was too harsh for his first offense as an adult. He said he felt he had done enough time and has learned his lesson.
In applying Practice Book Section 942 to the facts in the instant case, we must consider the nature of these offenses. The petitioner engaged in an unprovoked violent attack on two vulnerable individuals. The victims were brutally attacked and assaulted out of the clear blue, and even though no resistance was offered, the attacks continued even after the victim's wallets had been surrendered. As stated by one of the victims, "It was a cowardly attack."
The protection of society is a valid consideration in the imposition of any sentence. Offenses against the person, particularly against those least able to resist, are reprehensible and the segregation of the petitioner from the rest of society for a substantial period of time is justified.
We conclude that the sentence imposed was proportionate and appropriate and that modification is not warranted.
The sentence is affirmed. CT Page 3591
STANLEY, J. PURTILL, J. NORKO, J.